## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

LINDA KAISER,

     Plaintiff,

-vs-                CASE NO.

EQUIFAX INFORMATION
SERVICES LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
TRANS UNION LLC, CAPITAL
ONE, N.A., GOLDMAN SACHS
BANK USA, THE BANK OF
MISSOURI, CELTIC BANK, FIRST
NATIONAL CREDIT CARD,
WEBBANK, COMENITY BANK,
and SYNCHRONY BANK,

     Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, LINDA KAISER (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), TRANS UNION LLC (hereinafter "Trans Union"), CAPITAL ONE, N.A. (hereinafter "Capital One"), GOLDMAN SACHS BANK USA (hereinafter "GS Bank"), THE BANK OF MISSOURI (hereinafter "TBOM"), CELTIC BANK (hereinafter "Celtic Bank"),

1

FIRST NATIONAL CREDIT CARD (hereinafter "FNCC"), WEBBANK (hereinafter "WebBank"), COMENITY BANK (hereinafter "Comenity"), and SYNCHRONY BANK (hereinafter "Synchrony") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## PRELIMINARY STATEMENT

1.      This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer, like Plaintiff, disputes information through the CRAs, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the

consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

6.      The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.      Venue is proper in this District as Plaintiff is a natural person and resident of Orange County, Florida, Defendants transact business within this District, and a substantial portion of the violations described in this Complaint occurred in this District.

9.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its

registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11.    Equifax is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

12.    Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.    Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

14.    Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.    Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.    Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

17.    Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.    Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.    Capital One is an FDIC insured national bank headquartered at 1680 Capital One Drive, McLean, Virginia 22102 that upon information and belief conducts business in the State of Florida.

20.    Capital One is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

21.    Capital One furnished information about Plaintiff to the CRAs that was inaccurate.

22.    GS Bank is a corporation with its principal place of business in the State of New York and is authorized to do business in the State of Florida through its

registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

23.     GS Bank is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

24.     GS Bank furnished information about Plaintiff to the CRAs which was inaccurate.

25.     TBOM is an FDIC insured state-chartered bank headquartered at 916 N Kings Highway, Perryville, Missouri 63775 that upon information and belief conducts business in the State of Florida.

26.     TBOM is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

27.     TBOM furnished information about Plaintiff to the CRAs that was inaccurate.

28.     Celtic Bank is an FDIC insured state-chartered bank headquartered at 268 S. State Street, Suite 300, Salt Lake City, Utah 84111 that upon information and belief conducts business in the State of Florida.

29.     Celtic Bank is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

30.     Celtic Bank furnished information about Plaintiff to the CRAs that was inaccurate.

31.     FNCC is a corporation headquartered at 500 E. 60th Street N, Sioux Falls, South Dakota 57104 that upon information and belief conducts business in the State of Florida.

32.     FNCC is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

33.     FNCC furnished information about Plaintiff to the CRAs that was inaccurate.

34.     WebBank is an FDIC insured state-chartered bank headquartered at 215 S State Street, Suite 1000, Salt Lake City, Utah 84111 that upon information and belief conducts business in the State of Florida.

35.     WebBank is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

36.     WebBank furnished information about Plaintiff to the CRAs that was inaccurate.

37.     Comenity is an FDIC insured state-chartered bank headquartered at 1 Righter Parkway, Suite 100, Wilmington, Delaware 19803 that upon information and belief conducts business in the State of Florida.

38.     Comenity is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

39.     Comenity furnished information about Plaintiff to the CRAs that was inaccurate.

40.     Synchrony is an FDIC insured federal savings bank headquartered at 170 Election Road, Suite 125 in Draper, Utah 84020 that upon information and belief conducts business in the State of Florida.

41.     Synchrony is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2

42.     Synchrony furnished information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

43.     Plaintiff is a natural person who is alleged to owe a debt to multiple accounts.

44.     Plaintiff has been a victim of identity theft for several years.

45.     In or about 2022, Plaintiff started noticing accounts on her credit file for which she did not apply or authorize and did not belong to her.

46.     In or about February 2022, Plaintiff became aware of Merrick Bank, account number ending in x0806, which did not belong to her was appearing on her Equifax credit report.

47.     In or about February 2022, Plaintiff contacted Equifax to dispute the erroneous Merrick Bank, account number ending in x0806, stating it did not belong to her.

48.     Plaintiff did not receive dispute results from Equifax. However, upon later review of her Equifax credit report, Plaintiff observed a comment with the Merrick Bank, account number ending in x0806, which stated, "02/2022 Account previously in dispute – now resolved by data furnisher".

49.     Equifax failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher(s).

50.     Equifax never attempted to contact Plaintiff during the alleged investigation.

51.     In or about April 2022, Plaintiff contacted Equifax to dispute the erroneous Merrick Bank, account number ending in x0806, stating it did not belong to her.

52.     Plaintiff did not receive dispute results from Equifax. However, upon later review of her Equifax credit report, Plaintiff observed a comment with the Merrick Bank, account number ending in x0806, which stated, "04/2022 Account previously in dispute – now resolved by data furnisher".

53.     Equifax failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher(s).

54.    Equifax never attempted to contact Plaintiff during the alleged investigation.

55.    In or about May 2022, Plaintiff contacted Equifax to dispute the erroneous Merrick Bank, account number ending in x0806, stating it did not belong to her.

56.    Plaintiff did not receive dispute results from Equifax. However, upon later review of her Equifax credit report, Plaintiff observed a comment with the Merrick Bank, account number ending in x0806, which stated, "05/2022 Account previously in dispute – now resolved by data furnisher".

57.    Equifax failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher(s).

58.    Equifax never attempted to contact Plaintiff during the alleged investigation.

59.    In or about July 2022, Plaintiff contacted Equifax to dispute the erroneous Merrick Bank, account number ending in x0806, stating it did not belong to her.

60.    Plaintiff did not receive dispute results from Equifax. However, upon later review of her Equifax credit report, Plaintiff observed a comment with the Merrick Bank, account number ending in x0806, which stated, "07/2022 Account previously in dispute – now resolved by data furnisher".

61.   Equifax failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher(s).

62.   Equifax never attempted to contact Plaintiff during the alleged investigation.

63.   In or about September 2022, Plaintiff contacted Equifax to dispute the erroneous Merrick Bank, account number ending in x0806, stating it did not belong to her.

64.   Plaintiff did not receive dispute results from Equifax. However, upon later review of her Equifax credit report, Plaintiff observed a comment with the Merrick Bank, account number ending in x0806, which stated, "09/2022 Account previously in dispute – now resolved by data furnisher".

65.   Equifax failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher(s).

66.   Equifax never attempted to contact Plaintiff during the alleged investigation.

67.   In or about December 2022, Plaintiff contacted Equifax to dispute the erroneous Merrick Bank, account number ending in x0806, stating it did not belong to her.

68.   Plaintiff did not receive dispute results from Equifax. However, upon later review of her Equifax credit report, Plaintiff observed a comment with the

11

Merrick Bank, account number ending in x0806, which stated, "12/2022 Account previously in dispute – now resolved by data furnisher".

69.    Equifax failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher(s).

70.    Equifax never attempted to contact Plaintiff during the alleged investigation.

71.    In or about January 2023, Plaintiff contacted Equifax to dispute Capital One, account number ending in x9005 with a balance of $303 and account status of "OVER_120_DAYS_PAST_DUE", which did not belong to her and was appearing on her Equifax credit report.

72.    Plaintiff did not receive dispute results from Equifax. However, upon later review of her Equifax credit report, Plaintiff observed a comment with the Capital One, account number ending in x9005, which stated, "01/2023 Account previously in dispute – now resolved by data furnisher".

73.    Equifax failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher(s).

74.    Equifax never attempted to contact Plaintiff during the alleged investigation.

75.    Upon information and belief, Equifax notified Capital One of Plaintiff's dispute. However, Capital One failed to conduct a reasonable investigation and

merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

76.    In or about January 2023, Plaintiff contacted Experian to dispute Capital One, account number ending in x9005, and Capital One, account number ending in x0502, which did not belong to her and were appearing on her Experian credit report.

77.    Plaintiff did not receive dispute results from Experian. However, upon later review of her Experian credit report, Plaintiff observed a comment with the Capital One, account number ending in x9005, which stated, "account previously in dispute – investigation complete, reported by data furnisher" and Capital One, account number ending in x0502, which stated, "account previously in dispute – investigation complete, reported by data furnisher".

78.    Experian failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher(s).

79.    Experian never attempted to contact Plaintiff during the alleged investigation.

80.    Upon information and belief, Experian notified Capital One of Plaintiff's dispute. However, Capital One failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

81.    On or about January 17, 2024, Plaintiff obtained copies of her Equifax, Experian, and Trans Union credit reports. Upon review, Plaintiff observed personal identifying information including, but not limited, names, addresses, and phone numbers, and hard inquiries appearing on her credit reports which did not belong to her. Further, Plaintiff observed the following accounts which did not belong to her:

| **Furnisher** | **Account No.** | **Status / Balance** | **Reported By** |
|---|---|---|---|
| Mission Lane | x6418 | Closed / $0 | Equifax, Experian, Trans Union |
| GS Bank/General Motors | x4930 | Charge Off / $438 | Equifax, Experian, Trans Union |
| Merrick Bank | x0806 | Closed / $0 | Equifax, Experian, Trans Union |
| TBOM/Aspire | x3133 | Closed / $179 | Equifax, Experian, Trans Union |
| Celtic Bank/Continental Finance | x3023 | Charge Off / $0 | Equifax, Experian, Trans Union |
| Capital One | x0502 | 120 days past due / $963 | Equifax, Experian, Trans Union |
| Capital One | x9005 | 120 days past due / $303 | Equifax, Experian, Trans Union |
| FNCC | x0010 | Charge Off / $371 | Equifax, Experian, Trans Union |
| WebBank/Fingerhut | x3634 | Charge Off / $0-$745 | Equifax, Experian, Trans Union |
| Synchrony/BELK | x1451 | Closed / $0 | Equifax, Experian, Trans Union |
| Comenity/Buckle | x0636 | Closed / $0 | Equifax, Experian, Trans Union |
| Comenity/Victoria Secret | x6703 | Closed / $0 | Equifax, Experian, Trans Union |
| Synchrony/Amazon | x5615 | Closed / $0 | Equifax, Experian, Trans Union |
| Synchrony/Walmart | x9332 | Closed / $0 | Equifax, Experian, Trans Union |
| Capital One | x3649 | Closed / $0 | Equifax, Experian, Trans Union |
| Citibank, N.A /Sears | x2210 | Closed / $0 | Equifax, Trans Union |
| Midland Credit on behalf of WebBank | x0174 | Collection / $745 | Equifax, Experian, Trans Union |
| LVNV Funding on behalf of Credit One Bank | x0414 | Collection / $660 | Equifax, Experian, Trans Union |
| LVNV Funding on behalf of Credit One Bank | x4290 | Collection / $1,267 | Equifax, Experian, Trans Union |
| Credit Corp Solutions on behalf of Synchrony | 601918x | Collection / $953 | Experian |

82.     On or about January 25, 2024, Plaintiff mailed a detailed dispute letter to Equifax, Experian, and Trans Union regarding the continued inaccurate reporting. Plaintiff explained there were personal identifying information and hard inquiries on her credit file which did not belong to her. Further, Plaintiff explained the aforementioned erroneous accounts did not belong to her and that she believed she was a victim of identity theft. To confirm her identity, Plaintiff included images of her driver's license and Social Security card. Further, Plaintiff included images of the erroneous reporting, copy of the police report filed with Osceola County Sheriff's Office, and other supporting documents.

83.     Plaintiff mailed her detailed dispute letter via USPS Certified Mail to Equifax (9589 0710 5270 0428 4022 47), Experian (9589 0710 5270 0428 4022 54), and Trans Union (9589 0710 5270 0428 4022 30).

84.     On or about February 1, 2024, Experian responded by providing a copy of Plaintiff's credit report. Upon review, Plaintiff observed two incorrect phone numbers were removed but other personal identifying information continued to be reported. Further, Plaintiff observed the following as to the erroneous accounts:

| Furnisher | Account No. | Status Following Dispute |
|---|---|---|
| Mission Lane | x6418 | *Removed/No longer report* |
| GS Bank/General Motors | x4930 | No change after dispute |
| Merrick Bank | x0806 | No change after dispute |
| TBOM/Aspire | x3133 | No change after dispute |
| Celtic Bank/Continental Finance | x3023 | No change after dispute |
| Capital One | x0502 | No change after dispute |
| Capital One | x9005 | No change after dispute |
| FNCC | x0010 | No change after dispute |

| Furnisher | Account No. | Status Following Dispute |
|---|---|---|
| WebBank/Fingerhut | x3634 | No change after dispute |
| Synchrony/BELK | x1451 | No change after dispute |
| Comenity/Buckle | x0636 | No change after dispute |
| Comenity/Victoria Secret | x6703 | *Removed/No longer report* |
| Synchrony/Amazon | x5615 | No change after dispute |
| Synchrony/Walmart | x9332 | No change after dispute |
| Capital One | x3649 | *Removed/No longer report* |
| Midland Credit on behalf of WebBank | x0174 | Comment: Disputed by Consumer Jan 2024 |
| LVNV Funding on behalf of Credit One Bank | x0414 | No change after dispute |
| LVNV Funding on behalf of Credit One Bank | x4290 | No change after dispute |
| Credit Corp Solutions on behalf of Synchrony | 601918x | No change after dispute |

85.     Experian failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher(s).

86.     Experian never attempted to contact Plaintiff during the alleged investigation.

87.     Upon information and belief, Experian notified Capital One of Plaintiff's dispute. However, Capital One failed to conduct a reasonable

investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

88.     Upon information and belief, Experian notified GS Bank of Plaintiff's dispute. However, GS Bank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

89.     Upon information and belief, Experian notified TBOM of Plaintiff's dispute. However, TBOM failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

90.     Upon information and belief, Experian notified Celtic Bank of Plaintiff's dispute. However, Celtic Bank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

91.     Upon information and belief, Experian notified FNCC of Plaintiff's dispute. However, FNCC failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

92.     Upon information and belief, Experian notified WebBank of Plaintiff's dispute. However, WebBank failed to conduct a reasonable investigation and merely

compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

93.     Upon information and belief, Experian notified Comenity of Plaintiff's dispute. However, Comenity failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

94.     Upon information and belief, Experian notified Synchrony of Plaintiff's dispute. However, Synchrony failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

95.     On or about February 23, 2024, Equifax responded to Plaintiff's detailed dispute letter by stating the following as to the erroneous accounts:

| Furnisher | Account No. | Results |
|---|---|---|
| Mission Lane | x6418 | *Deleted* |
| GS Bank/General Motors | x4930 | **Verified and updated** |
| Merrick Bank | x0806 | *Deleted* |
| TBOM/Aspire | x3133 | **Verified as accurate** |
| Celtic Bank/Continental Finance | x3023 | **Verified and updated** |
| Capital One | x0502 | **Verified and updated** |
| Capital One | x9005 | **Verified and updated** |
| FNCC | x0010 | **Verified and updated** |
| WebBank/Fingerhut | x3634 | **Verified and updated** |
| Synchrony/BELK | x1451 | *Deleted* |
| Comenity/Buckle | x0636 | **Verified as accurate** |
| Comenity/Victoria Secret | x6703 | *Deleted* |
| Synchrony/Amazon | x5615 | *Deleted* |
| Synchrony/Walmart | x9332 | **Verified and updated** |
| Capital One | x3649 | *Deleted* |
| Citibank, N.A /Sears | x2210 | *Deleted* |
| Midland Credit on behalf of WebBank | x0174 | **Verified and updated** |
| LVNV Funding on behalf of Credit One Bank | x0414 | **Verified and updated** |
| LVNV Funding on behalf of Credit One Bank | x4290 | **Verified and updated** |

96.     Equifax failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher(s).

97.     Equifax never attempted to contact Plaintiff during the alleged investigation.

98.     Upon information and belief, Equifax notified Capital One of Plaintiff's dispute. However, Capital One failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

99.     Upon information and belief, Equifax notified GS Bank of Plaintiff's dispute. However, GS Bank failed to conduct a reasonable investigation and merely

compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

100.   Upon information and belief, Equifax notified TBOM of Plaintiff's dispute. However, TBOM failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

101.   Upon information and belief, Equifax notified Celtic Bank of Plaintiff's dispute. However, Celtic Bank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

102.   Upon information and belief, Equifax notified FNCC of Plaintiff's dispute. However, FNCC failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

103.   Upon information and belief, Equifax notified WebBank of Plaintiff's dispute. However, WebBank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

104.   Upon information and belief, Equifax notified Comenity of Plaintiff's dispute. However, Comenity failed to conduct a reasonable investigation and merely

compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

105.   Upon information and belief, Equifax notified Synchrony of Plaintiff's dispute. However, Synchrony failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

106.   On or about February 24, 2024, Trans Union responded to Plaintiff's detailed dispute letter by stating the following as to the erroneous accounts:

| Furnisher | Account No. | Results |
|---|---|---|
| Mission Lane | x6418 | *Deleted* |
| GS Bank/General Motors | x4930 | **Verified as accurate** |
| Merrick Bank | x0806 | *Deleted* |
| TBOM/Aspire | x3133 | **Verified as accurate** |
| Celtic Bank/Continental Finance | x3023 | **Verified as accurate** |
| Capital One | x0502 | **Verified as accurate** |
| Capital One | x9005 | **Verified as accurate** |
| FNCC | x0010 | **Verified as accurate** |
| WebBank/Fingerhut | x3634 | **Verified as accurate** |

|  |  |  |
|---|---|---|
| Synchrony/BELK | x1451 | *Deleted* |
| Comenity/Buckle | x0636 | **Verified as accurate** |
| Comenity/Victoria Secret | x6703 | *Deleted* |
| Synchrony/Amazon | x5615 | *Deleted* |
| Synchrony/Walmart | x9332 | **Verified as accurate** |
| Capital One | x3649 | *Deleted* |
| Citibank, N.A /Sears | x2210 | *Deleted* |
| Midland Credit on behalf of WebBank | x0174 | **Verified as accurate** |
| LVNV Funding on behalf of Credit One Bank | x0414 | **Verified as accurate** |
| LVNV Funding on behalf of Credit One Bank | x4290 | **Verified as accurate** |

107.   Trans Union failed to do any independent investigation into Plaintiff's dispute, but rather parroted information it received from the furnisher(s).

108.   Trans Union never attempted to contact Plaintiff during the alleged investigation.

109.   Upon information and belief, Trans Union notified Capital One of Plaintiff's dispute. However, Capital One failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

110.   Upon information and belief, Trans Union notified GS Bank of Plaintiff's dispute. However, GS Bank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

111.   Upon information and belief, Trans Union notified TBOM of Plaintiff's dispute. However, TBOM failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

112.   Upon information and belief, Trans Union notified Celtic Bank of Plaintiff's dispute. However, Celtic Bank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

113.   Upon information and belief, Trans Union notified FNCC of Plaintiff's dispute. However, FNCC failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

114.   Upon information and belief, Trans Union notified WebBank of Plaintiff's dispute. However, WebBank failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

115.   Upon information and belief, Trans Union notified Comenity of Plaintiff's dispute. However, Comenity failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

116.   Upon information and belief, Trans Union notified Synchrony of Plaintiff's dispute. However, Synchrony failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

117.   Despite Plaintiff's best efforts to have the erroneous accounts removed, the CRAs continued to report the fraudulent and unauthorized accounts to Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

118.   The CRAs have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of furnishers.

119.   Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

120.   As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.   Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.   Loss of time attempting to cure the error;

    iii.   Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life. Plaintiff is being physically affected by Defendants' reluctance to fix the error;

    iv.   Apprehensiveness to apply for credit due to the fear of rejection; and

    v.   Defamation as Defendants published Plaintiff's inaccurate information to third parties.

## CAUSES OF ACTION

### COUNT I
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

121.   Plaintiff re-alleges and reincorporates paragraphs one (1) through one hundred and twenty  (120) above as if fully stated herein.

122.   Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

123.   Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

124.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

125.   Equifax violated its own policies and procedures by not removing the fraudulent accounts when Plaintiff provided a copy of the filed police report with the Osceola County Sheriff, which contained sworn testimony of the fraud.

126.    The conduct, action and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

127.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, LINDA KAISER, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**<u>COUNT II</u>**
**Violations of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Willful)**

128.    Plaintiff re-alleges and reincorporates paragraphs one (1) through hundred and twenty  (120) above as if fully stated herein.

129.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

130.   Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

131.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

132.   Equifax violated its own policies and procedures by not removing the fraudulent accounts when Plaintiff provided a copy of the filed police report with the Osceola County Sheriff, which contained sworn testimony of the fraud.

133.   The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

134.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, LINDA KAISER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff

her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT III**
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services LLC (Negligent)**

135.   Plaintiff re-alleges and reincorporates paragraphs one (1) through hundred and twenty  (120) above as if fully stated herein.

136.   After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

137.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

138.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and

emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

139.   The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

140.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE Plaintiff, LINDA KAISER, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

141.   Plaintiff re-alleges and reincorporates paragraphs one (1) hundred and twenty  (120) above as if fully stated herein.

142.   After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed

information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

143.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Equifax refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

144.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

145.   The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

146.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE Plaintiff, LINDA KAISER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC, jointly and severally; award Plaintiff

her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT V
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

147.   Plaintiff re-alleges and reincorporates paragraphs one (1) through hundred and twenty  (120) above as if fully stated herein.

148.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

149.   Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

150.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

151.   Experian violated its own policies and procedures by not removing the fraudulent accounts when Plaintiff provided a copy of the filed police report with the Osceola County Sheriff, which contained sworn testimony of the fraud.

152.   The conduct, action and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

153.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, LINDA KAISER, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT VI**
**Violations of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

154.   Plaintiff re-alleges and reincorporates paragraphs one (1) through hundred and twenty  (120) above as if fully stated herein.

155.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow  reasonable  procedures  to  assure  maximum  possible  accuracy  in  the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

156.   Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

157.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

158.   Experian violated its own policies and procedures by not removing the fraudulent accounts when Plaintiff provided a copy of the filed police report with the Osceola County Sheriff, which contained sworn testimony of the fraud.

159.   The conduct, action and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

160.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, LINDA KAISER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant,

EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT VII**
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

161.   Plaintiff re-alleges and reincorporates paragraphs one (1) through hundred and twenty (120) above as if fully stated herein.

162.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

163.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

164.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, by loss of the ability to

benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

165.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

166.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE Plaintiff, LINDA KAISER, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT VIII
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

167.   Plaintiff re-alleges and reincorporates paragraphs one (1) through hundred and twenty  (120) above as if fully stated herein.

168.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation;

(3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

169.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

170.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

171.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

172.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE Plaintiff, LINDA KAISER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award

Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT IX
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

173.   Plaintiff re-alleges and reincorporates paragraphs one (1) through hundred and twenty  (120) above as if fully stated herein.

174.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

175.   Upon information and belief, Trans Union prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

176.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

177.   Trans Union violated its own policies and procedures by not removing the fraudulent accounts when Plaintiff provided a copy of the filed police report with the Osceola County Sheriff, which contained sworn testimony of the fraud.

178.   The conduct, action and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

179.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, LINDA KAISER, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT X
### Violations of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

180.   Plaintiff re-alleges and reincorporates paragraphs one (1) through hundred and twenty  (120) above as if fully stated herein.

181.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

182.   Upon information and belief, Trans Union prevents its agents from calling consumers, like Plaintiff, during the dispute process or from calling witnesses with knowledge about the dispute.

183.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

184.   Trans Union violated its own policies and procedures by not removing the fraudulent accounts when Plaintiff provided a copy of the filed police report with the Osceola County Sheriff, which contained sworn testimony of the fraud.

185.   The conduct, action and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

186.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, LINDA KAISER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant,

TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XI
### Violations of 15 U.S.C. § 1681i as to Defendant, Trans Union LLC (Negligent)

187.  Plaintiff re-alleges and reincorporates paragraphs one (1) through hundred and twenty  (120) above as if fully stated herein.

188.  After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

189.  Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

190.  As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and

emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

191.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

192.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE Plaintiff, LINDA KAISER, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

<u>**COUNT XII**</u>
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Willful)**

193.   Plaintiff re-alleges and reincorporates paragraphs one (1) through one hundred twenty one (121) above as if fully stated herein.

194.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed

information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know is unreliable.

195.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Trans Union refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

196.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

197.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

198.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE Plaintiff, LINDA KAISER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff her attorneys' fees and

costs; award pre-judgment and post-judgment interest at the legal rate; and grant all
such additional relief as the Court deems appropriate.

## COUNT XIII
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, Capital One, N.A. (Negligent)

199.   Plaintiff re-alleges and reincorporates paragraphs one (1) through
hundred and twenty  (120) above as if fully stated herein.

200.   Capital One furnished inaccurate account information to the CRAs and
through the CRAs to all of Plaintiff's potential lenders.

201.   After receiving Plaintiff's disputes, Capital One violated 15 U.S.C. §
1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the
account; (2) failing to review all relevant information regarding same; (3) failing to
accurately respond to the CRAs; and (4) failing to permanently and lawfully correct
its own internal records to prevent the re-reporting of the representations to the
consumer reporting agency.

202.   Plaintiff provided all the relevant information and documents necessary
for Capital One to have identified that the account was fraudulent.

203.   Capital One did not have any reasonable basis to believe that Plaintiff
was responsible for the account reported in its representations. It also had sufficient
evidence by which to have verified that Plaintiff was not the responsible party,
including information provided to Capital One by Plaintiff in connection with her

disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

204.   Capital One violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

205.   As a direct result of this conduct, action and/or inaction of Capital One, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

206.   The conduct, action, and inaction of Capital One was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

207.   Plaintiff is entitled to recover costs and attorney's fees from Capital One in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE Plaintiff, LINDA KAISER, respectfully requests that this Court award actual damages against Defendant, CAPITAL ONE, N.A., jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and

post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XIV
### Violation of 15 U.S.C § 1681s-2(b) as to Defendant, Capital One, N.A. (Willful)

208.   Plaintiff re-alleges and reincorporates paragraphs one (1) through hundred and twenty (120) above as if fully stated herein.

209.   Capital One furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

210.   After receiving Plaintiff's disputes, Capital One violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

211.   Plaintiff provided all the relevant information and documents necessary for Capital One to have identified that the account was fraudulent.

212.   Capital One did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Capital One by Plaintiff in connection with her

disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

213.   Capital One violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

214.   As a direct result of this conduct, action and/or inaction of Capital One, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

215.   The conduct, action, and inaction of Capital One was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

216.   Plaintiff is entitled to recover costs and attorney's fees from Capital One in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE Plaintiff, LINDA KAISER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, CAPITAL ONE, N.A., jointly and severally; award Plaintiff her attorneys' fees and

costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XV
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, Goldman Sachs Bank USA (Negligent)

217.   Plaintiff re-alleges and reincorporates paragraphs one (1) through hundred and twenty  (120) above as if fully stated herein.

218.   GS Bank furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

219.   After receiving Plaintiff's disputes, GS Bank violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

220.   Plaintiff provided all the relevant information and documents necessary for GS Bank to have identified that the account was fraudulent.

221.   GS Bank did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to GS Bank by Plaintiff in connection with her

disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

222.   GS Bank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

223.   As a direct result of this conduct, action and/or inaction of GS Bank, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

224.   The conduct, action, and inaction of GS Bank was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

225.   Plaintiff is entitled to recover costs and attorney's fees from GS Bank in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE Plaintiff, LINDA KAISER, respectfully requests that this Court award actual damages against Defendant, GOLDMAN SACHS BANK USA, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-

judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT XVI
**Violation of 15 U.S.C § 1681s-2(b) as to**
**Defendant, Goldman Sachs Bank USA (Willful)**

226.   Plaintiff re-alleges and reincorporates paragraphs one (1) through hundred and twenty  (120) above as if fully stated herein.

227.   GS Bank furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

228.   After receiving Plaintiff's disputes, GS Bank violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

229.   Plaintiff provided all the relevant information and documents necessary for GS Bank to have identified that the account was fraudulent.

230.   GS Bank did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to GS Bank by Plaintiff in connection with her

disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

231.   GS Bank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

232.   As a direct result of this conduct, action and/or inaction of GS Bank, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

233.   The conduct, action, and inaction of GS Bank was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

234.   Plaintiff is entitled to recover costs and attorney's fees from GS Bank in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE Plaintiff, LINDA KAISER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, GOLDMAN SACHS BANK USA, jointly and severally; award Plaintiff her

attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XVII
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, The Bank of Missouri (Negligent)

235.   Plaintiff re-alleges and reincorporates paragraphs one (1) through hundred and twenty  (120) above as if fully stated herein.

236.   TBOM furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

237.   After receiving Plaintiff's disputes, TBOM violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

238.   Plaintiff provided all the relevant information and documents necessary for TBOM to have identified that the account was fraudulent.

239.   TBOM did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to TBOM by Plaintiff in connection with her

disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

240. TBOM violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

241. As a direct result of this conduct, action and/or inaction of TBOM, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

242. The conduct, action, and inaction of TBOM was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

243. Plaintiff is entitled to recover costs and attorney's fees from TBOM in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE Plaintiff, LINDA KAISER, respectfully requests that this Court award actual damages against Defendant, THE BANK OF MISSOURI, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and

post-judgment interest at the legal rate; and grant all such additional relief as the
Court deems appropriate.

### COUNT XVIII
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, The Bank of Missouri (Willful)

244.   Plaintiff re-alleges and reincorporates paragraphs one (1) through
hundred and twenty  (120) above as if fully stated herein.

245.   TBOM furnished inaccurate account information to the CRAs and
through the CRAs to all of Plaintiff's potential lenders.

246.   After receiving Plaintiff's disputes, TBOM violated 15 U.S.C. § 1681s-
2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account;
(2) failing to review all relevant information regarding same; (3) failing to accurately
respond to the CRAs; and (4) failing to permanently and lawfully correct its own
internal records to prevent the re-reporting of the representations to the consumer
reporting agency.

247.   Plaintiff provided all the relevant information and documents necessary
for TBOM to have identified that the account was fraudulent.

248.   TBOM did not have any reasonable basis to believe that Plaintiff was
responsible for the account reported in its representations. It also had sufficient
evidence by which to have verified that Plaintiff was not the responsible party,
including information provided to TBOM by Plaintiff in connection with her

disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

249.    TBOM violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

250.    As a direct result of this conduct, action and/or inaction of TBOM, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

251.    The conduct, action, and inaction of TBOM was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

252.    Plaintiff is entitled to recover costs and attorney's fees from TBOM in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE Plaintiff, LINDA KAISER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, THE BANK OF MISSOURI, jointly and severally; award Plaintiff her attorneys'

fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XIX
### Violation of 15 U.S.C § 1681s-2(b) as to Defendant, Celtic Bank (Negligent)

253.   Plaintiff re-alleges and reincorporates paragraphs one (1) through hundred and twenty  (120) above as if fully stated herein.

254.   Celtic Bank furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

255.   After receiving Plaintiff's disputes, Celtic Bank violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

256.   Plaintiff provided all the relevant information and documents necessary for Celtic Bank to have identified that the account was fraudulent.

257.   Celtic Bank did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Celtic Bank by Plaintiff in connection with her

disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

258.   Celtic Bank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

259.   As a direct result of this conduct, action and/or inaction of Celtic Bank, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

260.   The conduct, action, and inaction of Celtic Bank was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

261.   Plaintiff is entitled to recover costs and attorney's fees from Celtic Bank in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE Plaintiff, LINDA KAISER, respectfully requests that this Court award actual damages against Defendant, CELTIC BANK, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and

post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XX
### Violation of 15 U.S.C § 1681s-2(b) as to Defendant, Celtic Bank (Willful)

262.   Plaintiff re-alleges and reincorporates paragraphs one (1) through hundred and twenty (120) above as if fully stated herein.

263.   Celtic Bank furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

264.   After receiving Plaintiff's disputes, Celtic Bank violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

265.   Plaintiff provided all the relevant information and documents necessary for Celtic Bank to have identified that the account was fraudulent.

266.   Celtic Bank did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Celtic Bank by Plaintiff in connection with her

disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

267.   Celtic Bank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

268.   As a direct result of this conduct, action and/or inaction of Celtic Bank, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

269.   The conduct, action, and inaction of Celtic Bank was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

270.   Plaintiff is entitled to recover costs and attorney's fees from Celtic Bank in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE Plaintiff, LINDA KAISER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, CELTIC BANK, jointly and severally; award Plaintiff her attorneys' fees and costs;

award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XXI
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, First National Credit Card (Negligent)

271.   Plaintiff re-alleges and reincorporates paragraphs one (1) through hundred and twenty  (120) above as if fully stated herein.

272.   FNCC furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

273.   After receiving Plaintiff's disputes, FNCC violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

274.   Plaintiff provided all the relevant information and documents necessary for FNCC to have identified that the account was fraudulent.

275.   FNCC did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to FNCC by Plaintiff in connection with her disputes

of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

276.   FNCC violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

277.   As a direct result of this conduct, action and/or inaction of FNCC, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

278.   The conduct, action, and inaction of FNCC was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

279.   Plaintiff is entitled to recover costs and attorney's fees from FNCC in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE Plaintiff, LINDA KAISER, respectfully requests that this Court award actual damages against Defendant, FIRST NATIONAL CREDIT CARD, jointly and severally; award Plaintiff her attorneys' fees and costs; award

pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XXII
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, First National Credit Card (Willful)

280.   Plaintiff re-alleges and reincorporates paragraphs one (1) through hundred and twenty  (120) above as if fully stated herein.

281.   FNCC furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

282.   After receiving Plaintiff's disputes, FNCC violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

283.   Plaintiff provided all the relevant information and documents necessary for FNCC to have identified that the account was fraudulent.

284.   FNCC did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to FNCC by Plaintiff in connection with her disputes

of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

285.   FNCC violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

286.   As a direct result of this conduct, action and/or inaction of FNCC, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

287.   The conduct, action, and inaction of FNCC was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

288.   Plaintiff is entitled to recover costs and attorney's fees from FNCC in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE Plaintiff, LINDA KAISER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, FIRST NATIONAL CREDIT CARD, jointly and severally; award Plaintiff her

attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XXIII
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, WebBank (Negligent)

289.   Plaintiff re-alleges and reincorporates paragraphs one (1) through hundred and twenty  (120) above as if fully stated herein.

290.   WebBank furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

291.   After receiving Plaintiff's disputes, WebBank violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

292.   Plaintiff provided all the relevant information and documents necessary for WebBank to have identified that the account was fraudulent.

293.   WebBank did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to WebBank by Plaintiff in connection with her

disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

294.   WebBank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

295.   As a direct result of this conduct, action and/or inaction of WebBank, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

296.   The conduct, action, and inaction of WebBank was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

297.   Plaintiff is entitled to recover costs and attorney's fees from WebBank in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE Plaintiff, LINDA KAISER, respectfully requests that this Court award actual damages against Defendant, WEBBANK, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment

interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT XXIV
#### Violation of 15 U.S.C § 1681s-2(b) as to
#### Defendant, WebBank (Willful)

298.   Plaintiff re-alleges and reincorporates paragraphs one (1) through hundred and twenty  (120) above as if fully stated herein.

299.   WebBank furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

300.   After receiving Plaintiff's disputes, WebBank violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

301.   Plaintiff provided all the relevant information and documents necessary for WebBank to have identified that the account was fraudulent.

302.   WebBank did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to WebBank by Plaintiff in connection with her

disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

303.   WebBank violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

304.   As a direct result of this conduct, action and/or inaction of WebBank, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

305.   The conduct, action, and inaction of WebBank was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

306.   Plaintiff is entitled to recover costs and attorney's fees from WebBank in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE Plaintiff, LINDA KAISER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, WEBBANK, jointly and severally; award Plaintiff her attorneys' fees and costs;

award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT XXV**
**Violation of 15 U.S.C § 1681s-2(b) as to**
**Defendant, Comenity Bank (Negligent)**

307.    Plaintiff re-alleges and reincorporates paragraphs one (1) through hundred and twenty  (120) above as if fully stated herein.

308.    Comenity furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

309.    After receiving Plaintiff's disputes, Comenity violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

310.    Plaintiff provided all the relevant information and documents necessary for Comenity to have identified that the account was fraudulent.

311.    Comenity did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Comenity by Plaintiff in connection with her

disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

312.   Comenity violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

313.   As a direct result of this conduct, action and/or inaction of Comenity, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

314.   The conduct, action, and inaction of Comenity was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

315.   Plaintiff is entitled to recover costs and attorney's fees from Comenity in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE Plaintiff, LINDA KAISER, respectfully requests that this Court award actual damages against Defendant, COMENITY BANK, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and

post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT XXVI
### Violation of 15 U.S.C § 1681s-2(b) as to
### Defendant, Comenity Bank (Willful)

316.   Plaintiff re-alleges and reincorporates paragraphs one (1) through hundred and twenty  (120) above as if fully stated herein.

317.   Comenity furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

318.   After receiving Plaintiff's disputes, Comenity violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

319.   Plaintiff provided all the relevant information and documents necessary for Comenity to have identified that the account was fraudulent.

320.   Comenity did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Comenity by Plaintiff in connection with her

disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

321.    Comenity violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

322.    As a direct result of this conduct, action and/or inaction of Comenity, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

323.    The conduct, action, and inaction of Comenity was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

324.    Plaintiff is entitled to recover costs and attorney's fees from Comenity in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE Plaintiff, LINDA KAISER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, COMENITY BANK, jointly and severally; award Plaintiff her attorneys' fees and

costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT XXVII**
**Violation of 15 U.S.C § 1681s-2(b) as to**
**Defendant, Synchrony Bank (Negligent)**

325.   Plaintiff re-alleges and reincorporates paragraphs one (1) through hundred and twenty  (120) above as if fully stated herein.

326.   Synchrony furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

327.   After receiving Plaintiff's disputes, Synchrony violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

328.   Plaintiff provided all the relevant information and documents necessary for Synchrony to have identified that the account was fraudulent.

329.   Synchrony did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Synchrony by Plaintiff in connection with her

disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

330.   Synchrony violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

331.   As a direct result of this conduct, action and/or inaction of Synchrony, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

332.  The conduct, action, and inaction of Synchrony was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

333.   Plaintiff is entitled to recover costs and attorney's fees from Synchrony in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE Plaintiff, LINDA KAISER, respectfully requests that this Court award actual damages against Defendant, SYNCHRONY BANK, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and

post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

**COUNT XXVIII**
**Violation of 15 U.S.C § 1681s-2(b) as to**
**Defendant, Synchrony Bank (Willful)**

334.   Plaintiff re-alleges and reincorporates paragraphs one (1) through hundred and twenty  (120) above as if fully stated herein.

335.   Synchrony furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

336.   After receiving Plaintiff's disputes, Synchrony violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

337.   Plaintiff provided all the relevant information and documents necessary for Synchrony to have identified that the account was fraudulent.

338.   Synchrony did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Synchrony by Plaintiff in connection with her

disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

339.   Synchrony violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

340.   As a direct result of this conduct, action and/or inaction of Synchrony, Plaintiff suffered damages, including without limitation, by loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

341.   The conduct, action, and inaction of Synchrony was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

342.   Plaintiff is entitled to recover costs and attorney's fees from Synchrony in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE Plaintiff, LINDA KAISER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, SYNCHRONY BANK, jointly and severally; award Plaintiff her attorneys' fees and

costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LINDA KAISER, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, CAPITAL ONE, N.A., GOLDMAN SACHS BANK USA, THE BANK OF MISSOURI, CELTIC BANK, FIRST NATIONAL CREDIT CARD, WEBBANK, COMENITY BANK, and SYNCHRONY BANK, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 14th day of March 2024.

Respectfully Submitted,

**_/s/ Frank H. Kerney, III, Esq._**
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916

75

Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
Lisa@TheConsumerLawyers.com

***/s/ Octavio Gomez, Esq.***
Octavio Gomez, Esq.
Florida Bar No.: 0338620
Georgia Bar No.: 617963
Pennsylvania Bar No.: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 813.299.8537
Facsimile: 844.951.3933
tav@TheConsumerLawyers.com
*Attorney for Plaintiff*